UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
DAWN INGIANNI,

                       Plaintiff,                    **MEMORANDUM AND ORDER**

  - against -                                                       19-CV-3008 (RRM)

COMMISSIONER OF SOCIAL SECURITY,

                       Defendant.
----------------------------------------------------------------------x
ROSLYNN R. MAUSKOPF, United States District Judge.

      In May 2019, plaintiff Dawn Ingianni filed this action against the Commissioner of Social Security ("the Commissioner") pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), seeking review of the Commissioner's determination that she was not disabled and therefore ineligible for Supplemental Security Income. On January 11, 2021, the Court granted plaintiff's motion for judgment on the pleadings, denied the Commissioner's cross-motion, and entered judgment remanding this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). The Commissioner did not appeal and on March 24, 2021, plaintiff moved the Court for an award of $5,171.61 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

      In support of her motion, plaintiff submitted an affirmation from her attorney, Howard D. Olinsky, (the "Olinsky Affirmation") (Doc. No. 28), which attaches five exhibits. Three of these exhibits are time sheets, detailing the time spent by attorneys and paralegals on this case. (Olinsky Aff., Exs. B–D.) Although those exhibits do not contain any hourly rates, the Olinsky Affirmation indicates that the Olinsky Law Group's hourly rate for paralegals was $100. (*Id.* at ¶ 8.) The Olinsky Affirmation does not provide an hourly rate for attorneys but notes that since March 1996, the EAJA has capped those rates at $125. (*Id.*) According to a fourth exhibit

attached to the Olinsky Affirmation, the $125 rate would be $208.83 in 2019 when adjusted for increases in the cost of living.  (Olinsky Aff., Ex. A.)

The last of the five exhibits attached to the Olinsky Affirmation is a document entitled "Affirmation and Waiver of Direct Payment of EAJA Fees," signed by plaintiff herself. (Olinsky Aff., Ex. E.)   That document – hereafter, "Plaintiff's Affirmation" – states, among other things, that plaintiff's net worth was less than $2 million when this action was filed in 2019.  (Plaintiff's Aff. (Doc. No. 28-5) at ¶ 3.)  That affirmation also states that plaintiff agrees "to waive direct payment of the EAJA fees and assign said fees to be paid directly to [her] attorney."  (*Id.* at ¶ 5.)

The Commissioner has not opposed the motion.

## STANDARD OF REVIEW

The EAJA provides that, in a non-tort civil action between the United States and eligible parties, "a court shall award to a prevailing party other than the United States fees and other expenses … unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).  To apply for an award under the EAJA, a party must, "within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under [the EAJA] …, and the amount sought, including an itemized statement from any attorney appearing in behalf of the party stating the actual time expended and the rate at which fees … were computed." *Id.* § 2412(d)(1)(B).  An individual is eligible for an award of fees under the EAJA if the individual's net worth did not exceed $2 million at the time the civil action was filed.  *Id.* § 2412(d)(2)(B)(i).

The party applying for an award under the EAJA must "also allege that the position of the United States was not substantially justified." *Id.* § 2412(d)(1)(B).  However, this obligation is

2

"nothing more than an allegation or pleading requirement" and "imposes no proof burden on the fee applicant." *Scarborough v. Principi*, 541 U.S. 401, 414 (2004). "The burden of establishing that the position of the United States was substantially justified … must be shouldered by the Government." *Id.* (internal quotations marks and citation omitted). Similarly, "[t]he burden of establishing 'special circumstances' that may justify reducing a fee award is on the government." *Salvo v. Comm'r of Soc. Sec.*, 751 F. Supp. 2d 666, 671 (S.D.N.Y. 2010) (citing *Mid-Hudson Legal Servs., Inc. v. G & U, Inc.*, 578 F.2d 34, 38 (2d Cir. 1978)).

## DISCUSSION

Plaintiff has met her burdens under the EAJA. First, plaintiff is a prevailing party because she succeeded in convincing the Court to remand this case under sentence four of 42 U.S.C § 405(g). *See Shalala v. Schaefer*, 509 U.S. 292, 301–02 (1993). Second, it is undisputed that plaintiff had a net worth of less than $2 million when this action was filed. (Plaintiff's Aff. at ¶ 3.)

Third, plaintiff filed the instant motion within thirty days of final judgment. The thirty-day period begins when the Commissioner's right to appeal the court's judgment lapses. *Coleman v. Comm'r of Soc. Sec.*, No. 21-CV-76 (KHP), 2022 WL 669881, at *2 (S.D.N.Y. Mar. 7, 2022). The Commissioner had sixty days after entry of the Court's January 11, 2021, judgment in which to file a notice of appeal, Fed. R. App. P. 4(a)(1)(B)(ii), so the thirty-day period did not begin to run until March 12, 2021. The instant motion – filed March 24, 2021 – is therefore timely.

Fourth, plaintiff's motion papers include the statutorily required information and allegations. Plaintiff's submission specifically requests an award of $5,171.61, and includes an affirmation from plaintiff's counsel which 1) attaches time sheets reflecting the actual time attorneys and paralegals spent on this case, (Olinsky Aff., Exs. B–D), and 2) provides

3

information regarding the rates charged by these professionals, (*id.* at ¶ 8). In addition, the Olinsky Affirmation alleges that the Commissioner's position in this litigation was not substantially justified and that there were no special circumstances that would make the award of fees and other expenses under the EAJA unjust. (*Id.* at ¶¶ 3, 6.) The Commissioner has not opposed the instant motion and therefore has not met the burden of showing substantial justification for this litigation or special circumstances precluding an EAJA award.

The Court has reviewed the time sheets submitted by plaintiff and finds the 21.7 hours spent on this litigation by attorneys and the 6.4 hours spent by paralegals to be reasonable. The EAJA provides that "fees awarded … shall be based upon prevailing market rates for the kind and quality of the services furnished, except that … attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). This provision has been interpreted as "build[ing] a cost-of-living escalator into the cap on recoverable fees." *Trichilo v. Sec'y of Health & Hum. Servs.*, 823 F.2d 702, 705 (2d Cir. 1987). Plaintiff has provided evidence regarding the cost-of-living increases in the northeastern United States between March 1996, when the cap on fees was increased to $125, and 2019, when most of the legal work on this case was performed. Since the Commissioner has not controverted this evidence or plaintiff's calculations, the Court will use the $208.83 hourly rate proposed by plaintiff in awarding attorney's fees. The Court will use the $100 hourly rate charged by plaintiff's counsel in awarding paralegal's fees. Using these rates and the hours set forth above, the Court agrees with plaintiff that she is entitled to $5,171.61 in attorney's fees under the EAJA.

The EAJA "awards the fees to the litigant, and thus subjects them to a federal administrative offset if the litigant has outstanding federal debts." *Astrue v. Ratliff*, 560 U.S.

586, 593 (2010). However, Plaintiff's Affirmation waives direct payment of the EAJA fees and assigns them to her attorney, who requests that the fees be paid directly to his firm. It is well established that a plaintiff "has the right to assign an EAJA fee award to his/her lawyer, and where the Commissioner does not oppose the assignment, it can be honored" notwithstanding the Anti-Assignment Act. *Pamela H. v. Comm'r of Soc. Sec.*, No. 20-CV-304 (NAM), 2022 WL 137719, at *1 (N.D.N.Y. Jan. 14, 2022) (quoting *Plisko v. Comm'r Soc. Sec.*, No. 18-CV-827, 2020 WL 3045856, at *2 (W.D.N.Y. June 8, 2020)). Accordingly, the Court will order that the Commissioner pay the fees directly to plaintiff's counsel unless the Government declines to waive application of the Anti-Assignment Act, in which case the award shall be payable to plaintiff, but delivered to plaintiff's counsel.

## CONCLUSION

For the reasons set forth above, plaintiff's motion for attorney's fees under the EAJA is granted. The Court awards plaintiff attorney's fees in the amount of $5,171.61, which shall be payable to plaintiff's counsel unless the Government declines to waive application of the Anti-Assignment Act. In that case, the award shall be payable to plaintiff, but delivered to plaintiff's counsel.

SO ORDERED.

Dated: Brooklyn, New York
       September 30, 2022

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge